UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS JAMES JACKSON, SR.,

    Plaintiff,

v.                                    Case No.  5:24-cv-220-TKW-MJF

CITY OF PANAMA CITY, *et al.*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this case without prejudice because Plaintiff failed to comply with two court orders and failed to make partial filing fee payments required by the *in forma pauperis* statute.

### PLAINTIFF'S COMPLAINT

Plaintiff, a Florida prisoner, filed this civil-rights action on September 17, 2024. Doc. 1. Plaintiff claims that the individual Defendants—police officers Lyle McGrath and Raymond McNeil—violated Plaintiff's Fourth-Amendment rights in July and September 2023, when they detained Plaintiff and searched Plaintiff's vehicle

Page 1 of 6

without probable cause and, during the September incident, falsely arrested Plaintiff and maliciously prosecuted him for resisting an officer without violence. The charge ultimately was dismissed. Plaintiff seeks to hold the City of Panama City liable on the theory that it failed to train and supervise the officers.

## PROCEDURAL HISTORY

On October 25, 2024, the undersigned granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee. Doc. 5. The undersigned also ordered Plaintiff—through the agency having custody of him—to make monthly partial filing fee payments as required by 28 U.S.C. § 1915(b)(2). *See* Doc. 5. The undersigned warned Plaintiff that he ultimately was responsible for payment of the filing fee should the agency with custody of him lapse in its duty to make payments on Plaintiff's behalf. *Id.* at 3. At that time, Plaintiff was a pretrial detainee at the Bay County Jail and received regular deposits to his inmate account at the Jail. *See* Doc. 4.

Plaintiff paid the initial partial filing fee on February 6, 2025, but since that time neither Plaintiff nor any agency having custody of Plaintiff has forwarded any partial filing fee payments to this court.

Accordingly, on July 16, 2025, the undersigned ordered Plaintiff to demonstrate his compliance with the *in forma pauperis* statute and the October 25, 2024 order, by filing the following:

    a. a printout of transactions in Plaintiff's inmate trust account from the Bay County Jail for the period December 17, 2024, to June 22, 2025;

    b. a printout of transactions in Plaintiff's inmate trust account from the Florida Department of Corrections for the period June 23, 2025 to July 16, 2025; **AND**

    c. evidence that Plaintiff provided a copy of the October 25, 2024 order to the FDC (for example, documentation that the FDC placed a lien on Plaintiff's account for the unpaid filing fee balance of $316.00).

Doc. 29 at 4–5. The undersigned imposed a compliance deadline of August 15, 2025, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed for failure to prosecute and failure to comply with an order of this court. *Id*. The undersigned also provided Plaintiff with the address of the Bay County Jail and instructions how to request an account printout. *See* Doc. 29.

Plaintiff did not comply with the July 16 order. Accordingly, on August 26, 2025, the undersigned ordered Plaintiff to explain his failure and to show cause why this case should not be dismissed for failure to

comply with an order of this court. Doc. 33. The undersigned imposed a response deadline of September 9, 2025 and, again, ordered Plaintiff to include with his response the following items:

    a.   a printout of transactions in Plaintiff's inmate trust account from the Bay County Jail for the period December 17, 2024, to June 22, 2025;

    b.   a printout of transactions in Plaintiff's inmate trust account from the FDC for the period June 23, 2025 to July 16, 2025; **AND**

    c.   evidence that Plaintiff provided a copy of the October 25, 2024 order to the FDC.

Doc. 33.

To date, Plaintiff has not complied with the July 16 order and has not responded to the August 26 show-cause order.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action when a plaintiff fails to pay the filing fee. *See* 28 U.S.C. § 1915(a); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002).

Plaintiff has failed to comply with two court orders and has failed to make the required partial filing fee payments or demonstrate his inability to do so. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this case is appropriate. *See, e.g., Hyde v. Sheriff, Walton Cnty.*, 2023 WL 5814443 (11th Cir. Sept. 8, 2023) (affirming dismissal of case based on prisoner-plaintiff's failure to comply with a court order; prisoner failed to pay initial partial filing fee despite access to the requisite funds and was given repeated warnings by the district court that failure to pay could result in dismissal of the case).

Dismissing this case without prejudice is within the Court's discretion because Plaintiff retains the ability to refile his claims in a new civil case if he so chooses. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this civil action without prejudice for Plaintiff's failure to comply with court orders.

2.  **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 30th day of September, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**